IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

| | |
|---|---|
| STEVENSON CLARKE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | )   1:05cv1013 (JCC) |
| | ) |
| JOYCE NEWELL, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendant's Motion to Dismiss.  For the reasons stated below, the Court will grant in part and deny in part Defendant's Motion.

### I.  Background

In or about January, 2002, the Plaintiff, Stevenson Clarke ("Clarke"), and the Defendant, Joyce Newell ("Newell"), considered forming a partnership to acquire units in the River Place Cooperative Apartment Complex ("River Place"), in Arlington, Virginia for the purpose of owning and renting the units.

Plaintiff alleges that the parties formed a Virginia limited liability company under the name "Joyce A. Newell, LLC" ("Newell, LLC"), of which they had equal interests.  This agreement was based on an oral contract.  A Virginia attorney,

Thomas Vassar, allegedly prepared the registration of Newell, LLC at the direction of the Plaintiff.  Clarke also opened up an operating account for Newell, LLC at Wachovia Bank, nee First Union Bank.

Plaintiff contends that he and Newell each made capital contributions to Newell, LLC.  Newell's contribution was approximately $40,000.  Initially Newell's cash contributions exceeded those of Clarke; a substantial part of Clarke's contribution came, at first, in the form of a loan from Newell.  However, Clarke did eventually contribute a total of $62,154.63 in the form of a check dated April 25, 2002 for $22,154.63 and a second check, for $40,000 dated February 4, 2004.  The parties allegedly agreed, as the principals of Newell, LLC, that they would share equally in all of the obligations and benefits of Newell, LLC despite the fact that Clarke's capital contributions exceeded those of Newell.

Newell, LLC acquired seven units and six parking spaces at River Place for rental purposes.  The total purchase price was approximately $458,500.  Including closing costs and other buyer expenses, Newell, LLC paid $102,500.73 for the purchases.  Plaintiff claims that the units and parking spaces are presently worth more than $1.5 million based upon his own analysis of the current market for units at River Place.

The financing for the units was arranged through James Woodruff, a business associate of Clarke. Clarke introduced Newell to the loan officer at Sandy Spring Bank, Bethesda, Maryland, the lender for five of the units. Clarke also negotiated, or participated in the negotiation of, all of the sales contracts for all the units.

The rental income from each unit, after payment of expenses, was deposited into Newell, LLC's account at Wachovia Bank. Other than the initial purchase price and closing costs, Clarke believes that all the obligations of Newell, LLC have been paid from the net rental proceeds. Prior to November of 2004, the monthly net rental proceeds were more than enough to satisfy all of Newell, LLC's obligations. With Newell's consent, Clarke took a single distribution out of the LLC on or about May 29, 2003.

The account was maintained by Clarke until approximately October of 2004. In or about November of 2004, Newell removed Clarke as a signatory to the Newell, LLC account at Wachovia Bank, without notice to, or prior permission from, Clarke. Clarke is unaware whether Newell has subsequently disbursed any funds from the account.

In late Summer and early Fall of 2004, Newell told Clarke she wanted to leave Newell, LLC and asked Clarke to buy

her out.  The parties negotiated in good faith until some time in November of 2004.

In or about November of 2004, Newell left the area without further communication with Clarke and without leaving any address, phone number, or other means of communication.  She sold her residence in Northern Virginia and is presently believed to reside outside of the Commonwealth.

Clarke's original Complaint of August 30, 2005 contains the following six Counts: Declaratory Judgment Relief (Count I); Injunctive Relief (Count II); Breach of Contract (Count III); Breach of the Virginia Limited Liability Company Act, Va. Code Ann. § 13.1-1002, *et seq*. (Count IV); Unjust enrichment (Count V); and Accounting and Equitable Trust And/Or Constructive Trust (Count VI).

On August 30, 2005, Clarke also filed a motion for injunctive relief to prevent assets of Newell, LLC from leaving the Commonwealth of Virginia and preserving his rights to a distribution of the profits and proceeds of Newell, LLC.  On September 1, 2005, this Court denied the motion for a temporary restraining order.  On October 7, 2005, Clarke filed an Amended Complaint.  Finally, on October 18, 2005, Newell filed a Motion to Dismiss.  This Motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996)(internal citations omitted)

(statute of limitations defense is an affirmative defense that merits a dismissal pursuant Rule 12(b)(6)); *see also* 5B Wright & Miller, Federal Practice and Procedure § 1357 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).")

### III.  Analysis

Defendant first seeks to dismiss the entire Complaint on the grounds that it is time-barred.  The parties agree that the Complaint is based on an oral contract.  The statute of limitations for oral contracts is three years in Virginia.  Va. Code Ann. § 8.01-246(4) (Michie 2000).

As a preliminary matter, the Court will rely on Virginia law to determine not only the statute of limitations period but also the time at which these claims accrued.  Because the present matter is based on diversity jurisdiction rather than federal question jurisdiction, it is the state law standard that is used for determining when a claim accrues.  *See Joyce v. A.C.&S., Inc.*, 785 F.2d 1200, 1203 (4th Cir. 1986).  Plaintiff is simply mistaken in asserting that the time of accrual of the cause of action is a matter of federal law.  Accordingly, Virginia law instructs that a cause of action accrues in a breach

of contract case when the breach occurs, not at the time of discovery. Va. Code. Ann. § 8.01-230 (Michie 2000). Therefore, the question at issue surrounds when the breach of the oral contract in this case occurred.

Defendant contends that the statute of limitations has run because the point of accrual was in January 2002 when Newell, LLC was formed and the oral contract breached due to the failure to create and keep the required documentation naming Clarke as a member. If the action accrued in January 2002, the August 2005 filing would be time barred. Plaintiff, on the other hand, contends that the oral contract was first breached during the break down in negotiations for the purchase by Plaintiff of Defendant's interest in Newell, LLC during the summer of 2004 or when Defendant took control of Newell, LLC in or about November of 2004. The August filing on the present lawsuit would be well within the statute of limitations had the claim accrued any time in 2004.

The Court does not agree with Defendant's characterization of Plaintiff's breach of contract claim. Although a limited liability company must keep a written list naming each member of the company, it is not this breach on which Plaintiff is seeking relief. Plaintiff seeks relief for the breakdown in negotiations for the purchase by Plaintiff of Defendant's interest and Defendant's taking full control of

Newell, LLC.  The Complaint alleges various breaches of the contract in 2004 and at no time prior.  A contract can be breached in a multitude of ways; the Plaintiff only seeks recovery for the breaches alleged in his Complaint and it is the timing of those breaches that are at issue.

Furthermore, the Court does not find that the *Goodell v. Rehrig International* precedent requires a finding that the present matter is time-barred.  683 F. Supp. 1051 (E.D. Va. 1988) In *Goodell*, the plaintiff stipulated that the "breach occurred when the defendants *refused* to honor his demand for a [stock] certificate."  *Id.* at 1054.  Because defendants were obligated to issue a certificate to Goodell at the time of contract formation but failed to do so, the *Goodell* court found that the time of not fulfilling the obligation rather than the time of refusal was the period of accrual.  The decision relied on the fact that the situation was "entirely within [plaintiff's] control."  *Id* at 1055.

Unlike *Goodell*, Clarke is not suing on Defendant's refusal to list his name as a member of Newell, LLC.  Rather, he is suing on Defendant's actions years after the alleged contract formation.  Similarly, unlike *Goodell*, the situation resulting in the alleged breach was not entirely within Clarke's control.  There was a breakdown in negotiations and a string of alleged actions taken by the Defendant that Clarke could not personally

8

manage.  The Court finds that the facts of the present case align more closely with *Penley v. Penley*, 314 N.C. 1 (1985), which the *Goodell* court distinguishes, than with the actual facts of *Goodell* itself.

Defendant next asks the Court to dismiss the equitable remedies demanded because, Defendant contends, Plaintiff would have an adequate remedy at law.  At this early stage in the proceeding, the Court seeks to avoid limiting Plaintiff's available remedies, especially in light of the fact that Defendant contests the recovery of Plaintiff's money damages.  It is not certain at this early date whether Plaintiff has an adequate remedy at law, and allowing the equitable remedies to remain results in few additional demands of the Defendant.

However, the Court will grant Defendant's Motion to dismiss Plaintiff's claim for declaratory relief because such a remedy is inappropriate for the present case.  Granting declaratory relief is in the discretion of the court, and this remedy should be refused when another remedy will be more effective or appropriate under the circumstances.  *See Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937).  Adding a declaratory judgment to the list of Plaintiff's remedies will add little additional purpose in the resolution of this matter since what is being decided here is simply a factual matter.  Declaratory judgments are more appropriate for contractual cases

where the meaning of the contract is at issue rather than the existence of one.

Next, Defendant seeks to dismiss Count II, seeking injunctive relief, for failure to state a claim upon which relief can be granted.  Indeed injunctive relief is not a cause of action, but rather a remedy.  To the extent that injunctive relief is raised as a cause of action, it is dismissed.  However, the Court has already explained that it will deny Defendant's Motion to Dismiss as to all of the equitable remedies due to the rules for liberal pleadings and the rules allowing alternative remedies.  Accordingly, Count II can remain as a remedy.

Defendant also seeks the dismissal of Count V, the unjust enrichment claim.  It would be premature for the Court to grant Defendant's Motion to Dismiss Count V because Plaintiff alleges that he paid money to Newell, LLC which was unlawfully retained.  Given Rule 8's standard for liberal pleadings, the Plaintiff has stated enough to survive the Motion to Dismiss. Likewise, given the limited briefing, the Court is unable to say with certainty, as is required at this stage, that the statute of limitations bars Count V.  There is only a brief factual record regarding the exchange of the first payment of Plaintiff to Newell, LLC, and therefore it is nearly impossible to determine with certainty the time at which this cause of action accrued.

Finally, Defendant seeks a dismissal of Count VI for Accounting, Equitable Trust, or Constructive Trust.  Indeed, these equitable remedies are not in and of themselves causes of actions but rather remedies for stated causes of action.  To the extent that Plaintiff raises these as causes of action, they are dismissed.  However, to the extent that they are remedies resulting from the causes of action that Plaintiff otherwise affirmatively states in his Complaint, they should remain under the same rationale as stated above for allowing equitable remedies.

### IV. Conclusion

For the reasons stated above, the Court will grant in part and deny in part Defendant's Motion to Dismiss.  An appropriate Order will issue.


November_23_, 2005                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE