IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| STEVENSON CLARKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv1013 (JCC) |
| ) | |
| JOYCE NEWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's motion for partial summary judgment as to liability on his breach of contract, unjust enrichment, and constructive trust counts, and an accounting as to the profits, proceeds, and products of Joyce A. Newell, LLC.  For the reasons stated below, the Court will deny Plaintiff's motion.

**I.  Background**

In or about January of 2001, the Plaintiff, Stevenson Clarke ("Clarke"), and the Defendant, Joyce Newell ("Newell"), considered forming a partnership to acquire units in the River Place Cooperative Apartment Complex ("River Place"), in Arlington, Virginia for the purpose of owning and renting the units.

Plaintiff alleges that the parties formed a Virginia limited liability company under the name "Joyce A. Newell, LLC" ("Newell, LLC" or "the LLC"), of which they had equal interests. This agreement was based on an oral contract. A Virginia attorney, Thomas Vassar, allegedly prepared the registration of Newell, LLC at the direction of the Plaintiff. Clarke also opened up an operating account for Newell, LLC at Wachovia Bank, nee First Union Bank.

Plaintiff contends that Clarke and Newell each made capital contributions to Newell, LLC. Clarke contributed a total of $62,154.63 in the form of a check dated April 25, 2002 for $22,154.63 (which Newell characterizes as a loan) and a second check for $40,000 dated February 4, 2004. The parties allegedly agreed, as the principals of Newell, LLC, that they would share equally in all of the obligations and benefits of Newell, LLC.

During 2001, Newell, LLC acquired seven units and six parking spaces at River Place for rental purposes. The total purchase price was approximately $458,500. Including closing costs and other buyer expenses, Newell, LLC paid $102,500.73 for the purchases. Plaintiff claims that the units and parking spaces are presently worth more than $1.5 million based upon his own analysis of the current market for units at River Place.

The financing for the units was arranged through James Woodruff, a business associate of Clarke. Clarke introduced

Newell to the loan officer at Sandy Spring Bank in Bethesda, Maryland, the lender for five of the units. Clarke also negotiated, or participated in the negotiation of, all of the sales contracts for all the units.

The rental income from each unit, after payment of expenses, was deposited into Newell, LLC's account at Wachovia Bank. Other than the initial purchase price and closing costs, Clarke believes that all the obligations of Newell, LLC have been paid from the net rental proceeds. Prior to November of 2004, the monthly net rental proceeds were more than enough to satisfy all of Newell, LLC's obligations. With Newell's consent, Clarke took a single distribution out of the LLC on or about May 29, 2003.

In early 2004, Newell allegedly expressed a desire to leave the area and leave the LLC, at which time the parties allegedly negotiated a separation whereby Clarke would buy Newell's interest in the LLC and become its sole owner. The parties negotiated in good faith until some time in November of 2004. At that time, Newell left the area without further communication with Clarke and without leaving any address, phone number, or other means of communication. She sold her residence in Northern Virginia. Newell also allegedly started to take money out of the LLC for her personal use.

Clarke's Complaint of August 30, 2005 contained the following six Counts: Declaratory Judgment Relief (Count I); Injunctive Relief (Count II); Breach of Contract (Count III); Breach of the Virginia Limited Liability Company Act, Va. Code Ann. § 13.1-1002, *et seq.* (Count IV); Unjust Enrichment (Count V); and Accounting and Equitable Trust And/Or Constructive Trust (Count VI).

Also on August 30, 2005, Clarke filed a motion for injunctive relief to prevent assets of Newell, LLC from leaving the Commonwealth of Virginia and preserving his rights to a distribution of the profits and proceeds of Newell, LLC.  On September 1, 2005, this Court denied the motion for a temporary restraining order.  On October 7, 2005, Clarke filed an Amended Complaint.  On October 18, 2005, Newell filed a motion to dismiss.  This Court granted the motion to dismiss as to Count I and denied the motion as to all the other counts on November 23, 2005.  On April 3, 2006, Plaintiff filed a motion for partial summary judgment as to liability on the breach of contract, unjust enrichment, and constructive trust counts, and an accounting as to the profits, proceeds, and products of Joyce A. Newell, LLC.  This motion is currently before the Court.

## II.  Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  A "mere scintilla" of evidence is insufficient to overcome summary judgment.  *Anderson*, 477 U.S. at 248-52.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In reviewing the

record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Plaintiff, relying heavily on the affidavits of Thomas Vassar and himself, asks the Court to find that there is no genuine issue of material fact in dispute as to the following issues: the breach of contract count, the unjust enrichment count, the constructive trust count and the accounting as to profits, proceeds, and products of Joyce A. Newell, LLC. As a preliminary matter, in its Memorandum Opinion dated November 23, 2005, this Court dismissed the constructive trust count to the extent it was raised as a cause of action. *See Clarke v. Newell*, No. 5-1013, slip op. at 11 (E.D. Va. Nov. 23, 2005). Therefore, just as in the previous decision, the constructive trust count can remain to the extent that it is a remedy resulting from a cause of action that Plaintiff otherwise affirmatively states in his complaint.

Plaintiff argues that summary judgment should be granted as to the breach of contract count because "the Defendant had an obligation to share the profits and proceeds of the LLC to Clarke." (Plf.'s Mot. 10.) To support the claim, Plaintiff

6

states that "[t]he clear inference is that the funds [that Plaintiff contributed to the LLC] were a part of Clarke's contribution for which he was entitled, under the parties' oral agreements, to 50% of the LLC proceeds and profits." (*Id.*) Plaintiff refers Vassar's affidavit and his own affidavit to prove that the oral agreement in fact took place. As a result of this alleged breach, Plaintiff seeks at least $300,000.

Upon even a cursory review of Defendant's opposition, it is obvious that there are significant issues of material fact left in dispute between the parties. Supported by Newell's affidavit and deposition, Defendant denies ever forming a partnership and purports that a significant portion of the contributions by Plaintiff to the LLC were loans. (Def.'s Opp. 3, 9-12.) When asked whether there were any other members beyond herself in the LLC, Newell responded "no." (Newell Depo. 120.) When asked if there was ever an agreement to split the LLC's proceeds with Clarke as fifty/fifty partners, Newell responded "no." (Newell Depo. 73.) These certainly classify as material facts, and just as Plaintiff can rely on his own affidavit to support the motion, Defendant can legitimately rely on her affidavit and deposition to oppose it. It could not be clearer that the Court should deny the motion for summary judgment as to a breach of contract count when the very existence of a contract is in dispute.

7

Plaintiff's remaining argument fails for the same reason as that stated above, namely a clearly stated dispute of material fact.  Plaintiff asks for summary judgment as to his claim for unjust enrichment.  In support of this argument, Plaintiff again relies on the fact that there was an express contract between the parties.  (Plf.'s Mot. 12.)  This is also implied by the relief that Plaintiff requests stemming from this count - an interest in the LLC.  As stated above, this fact is in issue between the parties.

Furthermore, there is a legitimate dispute concerning the status of the two checks paid by Clarke to the LLC during its formation.  (Newell Aff. ¶¶ 10, 13, 19; Newell Depo. 178.)  It is telling that in his reply to Defendant's opposition, Plaintiff forwards the testimony of three potential witnesses as grounds for this Court to grant his summary judgment motion and adds that "[t]here is no evidence other than Newell's bald, unsupported statements, that the funds put into the LLC by Clarke were other than his contribution for at least a 50% share of the proceeds and profits of the LLC."  (Plf.'s Reply 5.)  However, Newell's statements, regardless of how Plaintiff characterizes them, could be deemed credible and accepted by a jury.  Therefore, in light of this dispute, it is inappropriate for the Court at the summary judgment stage to weigh the evidence and evaluate the parties'

credibility.  Accordingly, the Court will deny Plaintiff's motion for partial summary judgment.

### IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's motion for partial summary judgment.  An appropriate Order will issue.


May _17, 2006                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE