IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| STEVENSON CLARKE,         ) | |
|                           ) | |
|     Plaintiff,            ) | |
|                           ) | |
|         v.                ) | 1:05cv1013 (JCC) |
|                           ) | |
| JOYCE NEWELL,             ) | |
|                           ) | |
|     Defendant.            ) | |
|                           ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court after a jury verdict in favor of Plaintiff on a claim of unjust enrichment. For the reasons stated below, the Court will deny Plaintiff's motion for a special master and enter judgment in the amount of $62,154.63 plus interest.

**I.   Background**

In or about January 2001, the Plaintiff, Stevenson Clarke ("Clarke"), and the Defendant, Joyce Newell ("Newell"), considered forming a partnership to acquire units in the River Place Cooperative Apartment Complex ("River Place"), in Arlington, Virginia for the purpose of owning and renting the units.

Plaintiff alleged that the parties formed a Virginia limited liability company under the name "Joyce A. Newell, LLC"

("Newell, LLC"), of which they had equal interests. This agreement was based on an oral contract. A Virginia attorney, Thomas Vassar, allegedly prepared the registration of Newell, LLC at the direction of the Plaintiff. Clarke also opened up an operating account for Newell, LLC at Wachovia Bank, formerly known as First Union.

This court conducted a jury trial on plaintiff's claims on August 1 and 2, 2006. Plaintiff presented evidence that he and Newell each made capital contributions to Newell, LLC. Newell's contribution was approximately $40,000. Initially Newell's cash contributions exceeded those of Clarke; a substantial part of Clarke's contribution came, at first, in the form of a loan from Newell. However, Clarke did eventually contribute a total of $62,154.63 in the form of a check dated April 25, 2002 for $22,154.63 and a second check, for $40,000 dated February 4, 2004. Plaintiff argued at trial that the parties agreed, as the principals of Newell, LLC, that they would share equally in all of the obligations and benefits of Newell, LLC despite the fact that Clarke's capital contributions exceeded those of Newell.

Newell, LLC eventually acquired seven units and six parking spaces at River Place for rental purposes. The total purchase price was approximately $458,500. Including closing costs and other buyer expenses, Newell, LLC paid $102,500.73 for

the purchases.  Plaintiff claims that the units and parking spaces are presently worth more than $1.5 million based upon his own analysis of the current market for units at River Place.

At the conclusion of trial, the jury found the following by a preponderance: (1) the plaintiff and defendant had not entered into a valid contract; (2) as such, no contract had been breached; (3) the defendant was unjustly enriched at the expense of the plaintiff; and (4) the defendant did not breach the Virginia Limited Liability Company Act.  The only question that remains is how much in damages is due to Plaintiff as a result of his successful unjust enrichment claim.  This matter is currently before the Court.

## II.  Available Remedies for Unjust Enrichment

A person who has been unjustly enriched at the expense of another is required to make restitution to the other. *Restatement(1st) of Restitution,* § 1 (3rd ed. 2005).  To require a defendant to make restitution to a plaintiff, a court may (1) impose a constructive trust on the property unjustly enriching the defendant, (2) impose a quasi-contract, or (3) order the defendant to pay monetary restitution.  *See generally id.*[1]  A constructive trust and a quasi-contract are wholly equitable remedies, while an order of restitution is generally considered

---

[1] Two other equitable remedies, equitable liens and subrogation, are also available for cases of unjust enrichment, but are inapplicable in the case at bar since this case does not involve security interests on property or the discharging of an obligation to a third party.

to be a legal remedy.  *Id.*  In cases where the unjust enrichment was due to a monetary payment, ordering restitution achieves the same result as imposing a quasi-contract or constructive trust, but they differ subtly by the means through which achieve this result.  The Court will now proceed with its analysis in deciding which remedy is appropriate in this case.

### A. Constructive Trust

A constructive trust is "substantially an appropriate remedy against unjust enrichment."  *Pair v. Rook,* 195 Va. 196 (1953).  Not to be confused with an express trust, a constructive trust is an equitable remedy that is imposed by a court to prevent the unjust enrichment of the defendant at the expense of the plaintiff.  *See Restatement(1st) of Restitution,* § 160.  When persons agree on a joint venture and that proceeds from the venture are to be joint property, upon the imposition of a constructive trust, equity will treat the possessor as a constructive trustee and compel him to convey to his partner the proper interest in the property or profits agreed upon.  *See Cooper v. Cooper*, 249 Va. 511 (1995).  Stated differently, a court imposes a constructive trust on the property in the defendant's possession, and requires the defendant to surrender the property to the plaintiff to avoid his unjust enrichment.  *Richardson v. Richardson*, 242 Va. 242, 247 (1991).

The constructive trust is an extremely flexible remedy and can apply to tangible property (house, car, etc.) or intangible property (stocks, bonds, or money).  Due to this flexibility, it is often the remedy of choice by the Virginia Supreme Court for unjust enrichment cases.  *See Faulknier v. Shafer,* 264 Va. 210 (2002); *Cooper v. Cooper*, 249 Va. 511 (1995); *Richardson v. Richardson*, 242 Va. 242 (1991); *Leonard v. Counts*, 221 Va. 582 (1980); *Sutton v. Sutton*, 194 Va. 179 (1952).

### B. Quasi-contract

A quasi-contract may be imposed by the court on one person to prevent the unjust enrichment of another.  *See Nossen v. Hoy,* 750 F. Supp. 740, 744 (E.D. Va. 1990).  To be able to receive this remedy, there must have been: (1) a benefit conferred on defendant by plaintiff; (2) the defendant's knowledge of receipt of the benefit; and (3) inequitable retention by the defendant.  *Id.* at 744-45.  A quasi-contract is not a contract at all, but instead an equitable remedy available when the facts establish unjust enrichment, but the facts fail to establish that the parties had any form of agreement.  *Id.*

### C. Ordering Payment of Restitution

A court may order a defendant to pay monetary restitution to the plaintiff when the defendant has been unjustly enriched at the expense of the plaintiff.  *Rinehart v. Pirkey*, 126 Va. 346, 351 (1919).  In *Federal Insurance Company v. Susan*

*Smith,* 144 F. Supp. 2d 507 (E.D.Va. 2001), after finding for the plaintiff on an unjust enrichment claim, the Eastern District of Virginia held that "it would be inequitable not to require defendant to pay restitution" and entered a judgment for the plaintiff for the amount that it found appropriate.  *Id.* at 525.

Since ordering payment of restitution is most often considered a legal remedy, and equitable remedies are generally not available unless a legal remedy is inadequate, an order to pay restitution is appropriate so long as a monetary award is adequate.  In this case, the unjust enrichment consists of a monetary payment, not a transfer of tangible property, thus, a monetary award would clearly be adequate.  Accordingly, the Court order restitution to remedy the unjust enrichment at the expense of the Plaintiff.

### III.  The Scope of Restitution

In reaching its decision on damages, the Court analyzed whether Plaintiff should be awarded: (1) his original investment of $22,154.63; (2) his $40,000 investment; and (3) profits enjoyed by Defendant from these payments.  This Court finds that the Plaintiff is entitled to restitution in the amount of $62,154.63 and interest at an annual rate of six-percent.  Va. Code §§ 6.1-330.53, 8.01-382 (2006).

A. Plaintiff's original investment of $22,154.63

First, Defendant claims that the $22,156.63 payment is barred by the three-year statute of limitations applicable to oral contracts. Va. Code § 8.01-246(4)(2006). Claims cognizable at law are subject to applicable periods of limitations; even when the claim is based upon equitable considerations, such as unjust enrichment. *Belcher v. Kirkwood*, 238 Va. 430, 433 (1989)(holding that unjust enrichment, although based in equity, is still subject to the three year statute of limitations on oral contracts). The issue therefore is whether Plaintiff's investment of $22,156.63, originally paid in April 2002, is barred by the statute of limitations since Plaintiff did not file this suit until August 2005.

This Court finds that the statute of limitations does not bar the repayment of the $22,156.63. Where there is no agreed upon repayment date of an alleged obligation to repay money, as in this case, it is deemed payable on demand. *McComb v. McComb*, 226 Va. 271, 282 (1983). Thus, the statute of limitations accrues from the time the money was *transferred* from the Plaintiff to the Defendant. *See e.g., Belcher*, 238 Va. at 433. While although Plaintiff made the original payment in April 2002, over three years before filing the suit, Plaintiff maintained control of the bank account (and the payment within) until 2004 when Defendant removed Plaintiff as a signatory. If

Plaintiff had control of the $22,156.63 by maintaining the account until 2004, the payment could not have been completely transferred to Defendant in 2002, and thus no unjust enrichment could have occurred in 2002. It was not until Defendant took complete control of the account (in 2004) that the transfer occurred, and accordingly, it was 2004 when Defendant was unjustly enriched. Since the unjust enrichment did not occur until 2004, only one year before filing, any timeliness issues are dismissed. Consequently, the $22,156.63 payment is not time barred and will be returned to the Plaintiff.

    B.  Plaintiff's $40,000 investment

Second, the $40,000 payment is the least controversial. Defendant does not argue that this payment is barred by the statute of limitations, but instead claims that it is not available for two reasons: (1) the jury's verdict precludes the return of the $40,000 payment; and (2) Plaintiff has waived his right to the $40,000 since Defendant has offered it several times and he denied acceptance. Both of these arguments are without merit. First, the jury never found that the Plaintiff's $40,000 claim was limited only to his breach of contract claim. Unjust enrichment claims apply to circumstances where one has been unjustly enriched at the expense of another, and this is precisely the case with Plaintiff's payment of $40,000. *Rinehart,* 126 Va. at 351. Second, Plaintiff has not waived his

right to the $40,000 payment simply because he would not accept the Defendant's offer to repay it.  Plaintiff was completely within his rights to reject the offer and to seek judicial relief.  To hold that the rejection of an opposing party's offer results in a waiver of any future entitlement to what was offered would run contrary to any principles governing negotiation and settlements.  Therefore, this Court rejects Defendants' arguments and finds that Defendant was unjustly enriched by Plaintiff's $40,000 payment.  Accordingly, this amount will be returned to the Plaintiff.

### C.  Profits Accrued to Defendant

Finally, in awarding relief for unjust enrichment, the damages to the plaintiff includes not only the value of the property with which the plaintiff parted (the payments addressed above), but also any potential benefit that has accrued to the defendant.  *See Restatement (1st) of Restitution,* § 1 cmt. c.  However, the defendant may only be disgorged of the accrued benefit if it is unjust or inequitable for him to retain it.  *Id.; See e.g., Federal Ins. Co. v. Susan Smith,* 144 F. Supp. 2d 507, 525 (E.D. Va. 2001).  This Court will not disgorge these profits because of the jury's finding that no affirmative contract to share profits had existed between the parties.  Plaintiff has not shown an entitlement to disgorge nor has he demonstrated that it is inequitable for Defendant to retain

9

possession of these profits.  Therefore, since Plaintiff is not entitled to any profits, no accounting is necessary, and Plaintiff's motion to appoint a special master will be denied.

In conclusion, Plaintiff is entitled to an entry of judgment in the amount of $62,156.63 plus interest at an annual rate of six percent.  Va. Code §§ 6.1-330.53, 8.01-382 (2006). This interest will be calculated as accruing August 30, 2005, the date the complaint was filed.[2]

### IV.  Conclusion

For the foregoing reasons, judgment will be entered for Plaintiff in the amount of $62,156.63 plus interest at an annual rate of six percent dated from August 30, 2005.  Additionally, Plaintiff's motion for the appointment of a special master is denied.

An appropriate Order will issue.


October 12, 2006                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE

---

[2] At the status conference, Plaintiff moved to amend his complaint to add a claim of "quantum meruit."  This motion is untimely, and will be denied.